# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-1439-JWL |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's step two evaluation, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.      Background**

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSI benefits, alleging disability beginning October 26, 2004. (R. 14, 113-16). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He alleges the Administrative Law Judge (ALJ) erred in evaluating his non-severe impairments and in erroneously according controlling weight to the opinion of a state agency physician at step two of the Commissioner's five-step sequential evaluation process; found past relevant work where none is suggested by record evidence; and erroneously determined that Plaintiff's allegations of symptoms resulting from his impairments are not credible.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

2

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the

economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ failed to determine whether lumbar arthralgia is a medically determinable impairment in the circumstances of this case, and if so whether it causes additional limitations in Plaintiff's RFC.  Since the court finds that remand is necessary due to error in the ALJ's step two determination, it will not address the remaining errors Plaintiff alleges.  He may make arguments in that regard to the Commissioner on remand.

## II.     The Step Two Evaluation

Plaintiff claims the ALJ erred in failing to make step two findings regarding whether degenerative changes in Plaintiff's acrimoclavicular joint, chronic peripheral neuropathy, carpal tunnel syndrome, and lumbar arthralgia are severe impairments in the circumstances of this case.  He argues that the record contains medical evidence that Plaintiff is affected by each of these impairments, that the ALJ did not consider whether they are severe impairments within the meaning of the Act and the regulations, and that the ALJ did not consider these impairments when assessing Plaintiff's RFC.

In response, the Commissioner argues that the ALJ properly evaluated the severity of Plaintiff's impairments at step two. She points out that the ALJ found severe impairments of COPD (Chronic Obstructive Pulmonary Disease) and ventricular tachycardia with defibrillator implant, that she found that Plaintiff's medically determinable impairments of diabetes, depression, and substance abuse are not severe within the meaning of the Act and the regulations, and that she considered Plaintiff's testimony of back and knee problems and his treatment for lumbar arthralgia. She notes that Plaintiff testified before the ALJ regarding carpal tunnel symptoms, argues that an ALJ is not required to discuss every piece of evidence, and admits that the ALJ "did not recite each of [Plaintiff's] complaints and [the physicians'] findings, but concluded that Plaintiff's allegations were not fully supported." (Comm'r Br. 6). She concludes that "[g]iven the ALJ's thorough analysis of Plaintiff's subjective allegations and the factors that undermined them, Plaintiff's argument that there were limitations from nonsevere impairments that could have reduced his RFC and that the ALJ failed to discuss these unidentified limitations is without merit." Id. at 7.

**A.     The ALJ's Findings**

In her step two analysis, the ALJ found that Plaintiff has COPD and ventricular tachycardia which are severe within the meaning of the Act. (R. 16). She also considered the medically determinable impairments of diabetes, depression, and substance abuse, but found that they are nonsevere in this case. Id. at 16-17. Later, in her RFC analysis the ALJ discussed Plaintiff's back and knee problems:

5

> The claimant testified that he has back and knee problems and although he has been treated for lumbar arthralgias, the record shows that there is no history of surgery. An x-ray of the lumbar spine showed only minimal disc space narrowing (exhibit C21F [(R. 629-838)]).[2] Physical examinations show full range of motion, stable gait and station. No asymmetrical reflex or sensory or motor deficits noted. The claimant was able to bend 6 inches to the floor. There were no limitation of joint movement and all joints were without tenderness, effusion or redness (exhibit C11F [(R. 452-58)]).

(R. 21).

### B. The Standard for Evaluating the Severity of a Claimant's Impairments

At step two of the sequential evaluation process, the Commissioner must determine whether the claimant has a medically determinable impairment or combination of impairments which is severe. 20 C.F.R. § 416.920(a)(4)(ii). To establish a severe impairment or combination of impairments at step two of the sequential evaluation process, plaintiff must make only a "de minimis" showing. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997). He need only show that an impairment would have more than a minimal effect on his ability to do basic work activities. Williams, 844 F.2d 748, 751 (10th Cir. 1988). However, he must show more than the mere presence of a condition or ailment. Hinkle, 132 F.3d at 1352 (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987)).

At steps three, four, or five of the process, when determining whether a claimant's impairment or impairments are of disabling severity, the Commissioner must "consider the combined effect of all of [a claimant's] impairments without regard to whether any

---

[2]This citation is to an exhibit consisting of 210 pages, without a pinpoint citation.

such impairment, if considered separately would be of sufficient severity." 20 C.F.R. § 416.923; see also, Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008); Hill v. Astrue, 289 F. App'x. 289, 291-292, (10th Cir. 2008).

### C. Analysis

Here, the ALJ determined at step two that Plaintiff has medically determinable impairments of diabetes, depression, and substance abuse. (R. 16-17). Of these, he found that COPD and ventricular tachycardia are severe within the meaning of the Act, and that diabetes, depression, and substance abuse are not. Id. As Plaintiff points out, the step two analysis does not mention or suggest any other medically determinable impairments, either severe or not severe. But, as the Commissioner points out, and as quoted above, the ALJ discussed Plaintiff's lumbar arthralgia and significantly discounted it. Moreover, the Commissioner also points to record evidence which tends to suggest that the remaining impairments alleged by Plaintiff are insignificant. (Comm'r Br. 5-7).

That is the problem with the ALJ's analysis in this regard. Her decision might be read to suggest that several alleged impairments identified by Plaintiff are insignificant, and it specifically discounted the significance of Plaintiff's lumbar arthralgia, but it did not state that any of those impairments are medically determinable impairments in the facts and circumstances of this case, it did not make a finding whether those impairments are severe within the meaning of the Act, and it did not specifically express whether it considered those impairments when assessing RFC. Thus, the court is unable to determine whether the correct legal standard was applied in evaluating these impairments.

7

The failure to find that additional impairments are severe is not in itself cause for reversal. Brescia, 287 F. App'x at 628-629. But this is true only so long as the ALJ considers the effects "of <u>all</u> of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.' " Hill, 289 F. App'x at 291-92. Moreover, while limitations attributed to impairments which are medically determinable but are not severe <u>must be</u> considered at later steps in the evaluation, alleged limitations attributable to impairments which are <u>not</u> medically determinable <u>must not be</u> considered at later steps. 20 C.F.R. §§ 416.908, 416.923; see also, Rutherford v. Barnhart, 399 F.3d 546, 554, n.7 (3d Cir. 2005) (to be considered, an impairment must be medically determinable, but need not be "severe"); Gibbons v. Barnhart, 85 F. App'x 88, 91 (10th Cir. 2003) ("the ALJ must consider only limitations and restrictions attributable to medically determinable impairments.") (quotation omitted).

It is simply impossible to determine whether the ALJ found that degenerative changes in Plaintiff's acrimoclavicular joint, chronic peripheral neuropathy, carpal tunnel syndrome, and lumbar arthralgia are medically determinable impairments in this case, even if one assumes that they are not severe impairments in the facts and circumstances. If they are medically determinable impairments, the ALJ must consider their (admittedly minimal) effect in assessing RFC. But, if they are not medically determinable impairments, it would have been error for the ALJ to consider their (alleged) effect in assessing RFC. As Plaintiff asserts, and as the Commissioner admits, the ALJ did not even mention the alleged degenerative changes in Plaintiff's acrimoclavicular joint,

8

chronic peripheral neuropathy, or carpal tunnel syndrome.  As quoted above, she discussed testimony and evidence regarding lumbar arthralgia, but that discussion is so negative and is written in such a fashion that one might understand it to at least imply that lumbar arthralgia is not one of Plaintiff's medically determinable impairments.

Additionally, the step two discussion identifies certain impairments which are medically determinable in the facts and circumstances, and determines that some of them are severe and some of them are not severe.  Yet, the step two analysis does not mention or suggest that the evidence reveals the other impairments identified by Plaintiff, and makes no findings whether those impairments are medically determinable, and if so whether they are severe or not severe.  This is an ambiguity which must be resolved by the Commissioner on remand.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 20th day of March 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**